Steven C. Hales (*Pro Hac Vice pending*)
3450 W. Central Ave., Ste. 244
Toledo, OH 43606
Telephone: 419.517.0090
Facsimile: 419.841.0812

DONALD A. MACKAY (Bar # 138540)
ATTORNEY AT LAW (Local Counsel)
don@damackay.com
1288 West Fernleaf Avenue
Pomona, CA 91766-4308
Telephone (202) 642-4646
Facsimile (866) 833-5150

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a/ SERIOUS SCENTS (Collectively and professionally known as "LITTLE GRENADE"),<br><br>Plaintiff,<br><br>v.<br><br>OUSSAMA ELASSIR d/b/a/ D & J DISTRIBUTING MANUFACTURING; ADNAN ELASSIR; EXOTICA FRESHENERS CORPORATION,<br><br>Defendants. | Case No. 3:20-CV-00197-WQH-AGS<br><br>**MOTION TO DISMISS COMPLAINT UNDER FED.CIV.R. 12(b)(6) FOR FAILURE TO STATE A CLAIM AND UNDER FED.CIV.R. 12(b)(7) AND 19 FOR FAILURE TO JOIN PROPER PARTIES, AND OTHER RELIEF**<br><br>Date: May 18, 2020<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

NOW COMES Defendants OUSSAMA ELASSIR, OUSSAMA ELASSIR d/b/a/ D & J DISTRIBUTING MANUFACTURING; ADNAN ELASSIR; EXOTICA FRESHENERS CORPORATION, and for their Motion to Dismiss state and aver as follows.

## **BACKGROUND**

Plaintiff has been known by the individually named Defendants for over a decade to be a relatively small importer and distributor of air freshener products. The individually named Defendants compete in a similar market segment, manufacturing a

wider range of products and distributing nationally and internationally. Defendants' company, while not a party hereto, has been in manufacturing and distributing for over three decades from its Ohio location. This action, should further litigation ensue, will likely end on summary judgment, as the protections sought have no basis.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff names two individuals in the above caption, OUSSAMA ELASSIR and ADNAN ELASSIR, as well as a d/b/a and what appears to be a registered trade name. Plaintiff's complaint itself, however, fails to indicate or identify the owner of the marks in question. Even more problematic is that because Plaintiff fails to make specific allegations against the individually named defendants, certainly no claims for which relief can be granted under Rule 12(b)(6). Thus, a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 311-312 (3d Cir. 1999).

Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45 46 (1957). The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); see also *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party. *ALA v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); see also *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions

pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

Furthermore, Rule 8 mandates that a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has an adequate notice to frame an answer." *Frazier v. SEPTA*, 785 F.2d 65, 68 (3d Cir. 1986). Mr. Nasser's complaint "must be held to a less stringent standard than a formal pleading drafted by a lawyer." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations and quotations omitted). Defendants aver that the complaint is inadequate and deficient in that it does not provide a clear statement of what occurred, what possible violation of his rights he is alleging were to have been performed by said individuals, or what redress the plaintiff is seeking against said individuals. Therefore, it would be impossible for the defendants to frame an answer to this complaint.

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United*

*States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), rev'd on other grounds, 113 F.3d 1412 (5th Cir. 1997) (en banc). Applying these standards here, and giving every proper inference to the **factual** allegations of the Complaint such as the marks claimed by plaintiff and allegedly used by any defendant herein, but disregarding plaintiff's bare, conclusory allegations that there is "trademark infringement, likelihood of confusion, unfair competition, abuse of process, and unjust enrichment" (Complaint, ¶6), there plainly is no possibility that any reasonable trier of fact could find the marks in question could be confused with each other or that defendant(s) alleged use of the marks herein is in any way an infringement of plaintiff's marks. For this reason the plaintiff has failed to state facts plausibly giving rise to a valid claim on the face of the complaint.

As to the remaining "non-individual" named defendants, neither a "d/b/a", other fictitious name, or registered trade name are proper parties subject to the Court's jurisdiction. Thus, there is no claim that can be asserted under Plaintiff's complaint, as fictitious party pleading is not generally permitted in federal court. See, e.g., *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); see also *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (recognizing limited exception to general rule); *Moulds v. Bullard*, 345 Fed.Appx. 387, 390 (11th Cir. 2009) (same). Curiously, Plaintiff claims in his complaint to have a long history with Defendants, yet fails to identify the Defendant in question. Therefore, the complaint as written is not sufficient, without more, to identify the defendant or to allow service of process on the defendant. As Rule 19 requires the joinder of proper parties, and no such party has been joined hereto, Plaintiff's complaint must be dismissed.

Motion to Dismiss Complaint under FRCP 12(b)(6) and 19 and other relief  
Page 4 of 5  
Case No. 3:20-CV-00197-WQH-AGS  
Nasser v Elassir, et al.

WHEREFORE, Defendants OUSSAMA ELASSIR, OUSSAMA ELASSIR d/b/a/ D & J DISTRIBUTING MANUFACTURING; ADNAN ELASSIR; EXOTICA FRESHENERS CORPORATION, request that this Court enter an order dismissing Plaintiff's Complaint, and any other relief Court deems just and proper.

        Respectively submitted.

        Law Office of Steven C. Hales, Inc.

        By: /s/ Steven C. Hales
        Steven C. Hales (0071285)

Donald A. MacKay

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th Day of April, 2020, a true and correct copy of the MOTION TO DISMISS and PROPOSED ORDER was mailed, with all attachments, postage prepaid, by First Class Mail, and electronically served, to:

Ibrahim Nasser
P.O. Box 5626
Chula Vista, California 91912

balweh@hotmail.com

        Donald A. MacKay

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Proof of Service                          Page 1 of 1                          Case # _____
                                                                    _____ v. _____