UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS,<br><br>Plaintiff,<br><br>v.<br><br>OUSSAMA ELASSIR d/b/a D&J DISTRIBUTING MANUFACTURING; ADNAN ELASSIR; and EXOTICA FRESHENERS CORPORATION,<br><br>Defendants. | Case No.: 20-cv-197-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants Oussama Elassir, Adnan Elassir, and Exotica Fresheners Corporation. (ECF No. 10).

## I. BACKGROUND

On January 30, 2020, Plaintiff Ibrahim Nasser d/b/a Serious Scents, proceeding *pro se*, filed a Complaint against Defendants Oussama Elassir d/b/a D & J Distributing Manufacturing, Adnan Elassir, and Exotica Fresheners Corporation. (ECF No. 1). In the Complaint, Plaintiff alleges that he has "manufactured, advertised, marketed, promoted, distributed, and sold air fresheners, air fragrancing, [and] perfume" to gas stations, car

washes, and convenience stores since 1993. (*Id.* ¶¶ 1, 12). Plaintiff alleges that he uses the marks "A BLAST OF FRESHNESS" and "AMOR LOVE AMOUR" on his products. (*Id.* ¶ 3).

Plaintiff alleges that he has been using the mark "A BLAST OF FRESHNESS" since 1993. (*Id.* ¶ 16). Plaintiff alleges that he has been using the mark "A BLAST OF FRESHNESS" for air fresheners and perfume since 2009 and for air fragrancing preparations since 2012. (*Id.*). Plaintiff alleges that he filed a trademark application for the mark "A BLAST OF FRESHNESS" for air fresheners in 2009. (*Id.* ¶ 13). Plaintiff alleges that he filed a trademark application for the mark "A BLAST OF FRESHNESS" for air fragrancing preparations in 2018. (*Id.*). Plaintiff alleges that he "has been using the mark AMOR LOVE AMOUR since 2012." (*Id.* ¶ 19). Plaintiff alleges that he filed a trademark application for the mark "AMOR LOVE AMOUR" for air fragrancing preparations and air deodorizers on July 29, 2014. (*Id.*).

Plaintiff alleges that his products were previously produced and packaged by "D & J Distributing Manufacturing (AKA Exotica Fresheners)." (*Id.* ¶ 23). Plaintiff alleges that D & J Distributing Manufacturing "is a multi-national corporation . . . ." (*Id.* ¶ 9). Plaintiff alleges that Defendant Oussama Elassir is an "[a]gent" of D & J Distributing Manufacturing. (*Id.* ¶¶ 17, 22). Plaintiff alleges that "Defendants . . . s[ell] [ ] air fresheners and fragrancing products that directly compete[ ] with the air fresheners and fragrancing products offered by Plaintiff Nasser." (*Id.* ¶ 24). Plaintiff alleges that "Defendant has begun to [ ] produce air fresheners whose mark bears a strong resemblance to Plaintiff Nasser's." (*Id.* ¶ 4). Plaintiff alleges that D & J Distributing Manufacturing "applied for the mark LOVE ICE" on December 4, 2014. (*Id.* ¶ 20). Plaintiff alleges that D & J Distributing Manufacturing "filed for the trademark AROMA BLAST . . ." in 2018. (*Id.* ¶ 14). Plaintiff alleges that he opposed the "AROMA BLAST" trademark application in 2019. (*Id.* ¶ 18).

Plaintiff alleges that "Defendants' marks possess the same distinctive word[s] as Plaintiff Nasser's marks such as the word[s] 'blast[ ]' and 'love.'" (*Id.* ¶ 39). Plaintiff alleges that Plaintiff and Defendants market and sell their products "in the same channels

such as convenient stores, gas stations, and car washes . . . ." (*Id.* ¶ 40). Plaintiff alleges that the ordinary purchaser of Plaintiff and Defendants' products quickly "grab[s]" a product on "impulse" and could be easily confused by the similarity of the parties' marks. (*Id.* ¶ 41). Plaintiff alleges that Defendants' "marks and products are infringing upon Plaintiff Nasser's marks and products . . . ." (*Id.* ¶ 6). Plaintiff brings claims against Defendants for 1) trademark infringement under the federal Lanham Act; and 2) unfair competition.[1] Plaintiff seeks injunctive relief; damages, including treble damages, exemplary damages, and punitive damages; and attorneys' fees and costs.

On April 11, 2020, Defendants filed a Motion to Dismiss the Complaint. (ECF No. 10). Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff fails to state a claim upon which relief can be granted. Defendants further move to dismiss Plaintiff's Complaint pursuant to Rule 19 of the Federal Rules of Civil Procedure for failure to join proper parties. Plaintiff did not file any opposition to the Motion to Dismiss.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

---

[1] Plaintiff does not identify whether he brings his unfair competition claim under federal or state law. Plaintiff also brings a third claim against Defendants for "likelihood of confusion." (*See* ECF No. 1 at 7). Likelihood of confusion is an element of a Lanham Act trademark infringement claim, not a cause of action. *See Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) ("To prevail on its trademark in infringement claim, [the plaintiff] must show that . . . [the defendant's] use of the mark is likely to cause confusion."); 15 U.S.C. § 1114(1)(a).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

## III. DISCUSSION

Defendants contend that Plaintiff fails to state facts sufficient to state any claim against individual Defendants Oussama Elassir and Adnan Elassir. Defendants contend that the Complaint "does not provide a clear statement of what occurred, what possible violation of [Plaintiff's] rights he is alleging were to have been performed by said individuals, or what redress [ ] [P]laintiff is seeking against said individuals." (ECF No. 10 at 3). Defendants further contend that "a 'd/b/a, other fictitious name, or registered trade name'" is not a proper party subject to this Court's jurisdiction, so Plaintiff fails to state a claim against D & J Distributing Manufacturing or Defendant Exotica Fresheners Corporation. (*Id.* at 4).

///
///
///

### a. **Defendants Oussama Elassir, Adnan Elassir, and Exotica Fresheners Corporation**

In order to state a claim for trademark infringement under the Lanham Act, the plaintiff must allege facts that demonstrate that "(1) [the plaintiff] has a valid, protectable trademark, and (2) that [the defendant's] use of the mark is likely to cause confusion." *Applied Info. Scis. Corp.*, 511 F.3d at 969; *see* 15 U.S.C. § 1114(1)(a). Claims for unfair competition under the Lanham Act and under California state law are "substantially congruent" to claims for trademark infringement under the Lanham Act. *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994); *see Brookfield Commcn's, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) ("To establish a trademark infringement claim under section 32 of the Lanham Act or an unfair competition claim under section 43(a) of the Lanham Act, [plaintiff] must establish that [defendant] is using a mark confusingly similar to a valid, protectable trademark of [plaintiff's]."); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (explaining that claims for trademark infringement and unfair competition under California law are "subject to the same test"), *superseded by statute on other grounds*.

In this case, Plaintiff identifies Adnan Elassir as a Defendant in the caption of the Complaint. However, Plaintiff fails to state any facts regarding Defendant Adnan Elassir. Plaintiff fails to "plead[ ] factual content that allows the court to draw the reasonable inference that [Adnan Elassir] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009); *see Aaron v. Aguirre*, No. 06-CV-1451-H(POR), 2007 U.S. Dist. LEXIS 16667, at *74 n. 6 (S.D. Cal. Mar. 8, 2007) (explaining that "undifferentiated pleading against multiple defendants is improper" under Rule 12(b)(6)). The Court concludes that Plaintiff fails to allege facts sufficient to state any claim against Defendant Adnan Elassir.

Plaintiff identifies Oussama Elassir d/b/a D & J Distributing Manufacturing as a Defendant in the caption of the Complaint. "The designation of 'DBA' or 'doing business as' simply indicates [defendant] operates under a fictitious business name. Use of a fictitious business name . . . '*does not create an entity distinct from the person operating*

*the business.*'" *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996) (quoting *Providence Wash. Ins. Co. v. Valley Forge Ins. Co.*, 42 Cal. App. 4th 1194, 1200 (1996)). Where a plaintiff names as a defendant an individual "doing business as" another, the defendant in the case is the individual. *See Meller & Snyder v. R & T Props., Inc.*, 62 Cal. App. 4th 1303, 1310-11 (1998) ("R & T Properties, Inc., was not named as a party defendant in the complaint in this case. The only defendant named in the complaint was an individual, Mr. Tieger, sued individually, and doing business as R & T Properties . . . . The trial court correctly concluded when it expunged R & T Properties, Inc., from the judgment, that the corporation was never named as a proper party."). Plaintiff alleges that Oussama Elassir is an "[a]gent" of D & J Distributing Manufacturing and that Plaintiff sent cease and desist letters to Oussama Elassir demanding cessation of the use of the "AROMA BLAST" and "LOVE ICE" marks. (ECF No. 1 ¶¶ 17, 22). Plaintiff fails to "plead[ ] factual content that allows the court to draw the reasonable inference that [Oussama Elassir] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).

Plaintiff makes several factual allegations against D & J Distributing Manufacturing. However, Plaintiff fails to allege facts that support an inference that Defendant Oussama Elassir would be liable for the actions of D & J Distributing Manufacturing. Although Plaintiff identifies D & J Distributing Manufacturing as a d/b/a of Oussama Elassir in the caption of the Complaint, Plaintiff alleges that D & J Distributing Manufacturing "is a multi-national corporation . . . ." (ECF No. 1 ¶ 9). The copies of the "AROMA BLAST" and LOVE ICE" trademark applications that Plaintiff attaches to the Complaint state that the "owner of the mark[s]" is "D & J Distributing & Manufacturing DBA Exotica Fresheners"—a "corporation." (Exs. 4, 8, ECF No. 1 at 33, 55; *see Merco Constr. Eng'rs v. Municipal Court*, 21 Cal. 3d 724, 729 (1978) ("It is fundamental, of course, that a corporation is a distinct legal entity separate from its stockholders and from its officers." (citation and internal quotation marks omitted)). Plaintiff fails to allege facts that support an inference that Oussama Elassir would be liable for the actions of the corporation. *See Automotriz del Galfo de Cal. S.A. de C.V. v. Resnick*, 47 Cal. 2d 792, 796 (1957)

(explaining that the corporate entity may be disregarded and alter ego liability applied to an individual where "(1) [ ] there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) [ ] if the acts are treated as those of the corporation alone, an inequitable result will follow." (citation omitted)). The Court concludes that Plaintiff fails to allege facts sufficient to state any claim against Defendant Oussama Elassir.

Plaintiff identifies Exotica Fresheners Corporation as a Defendant in the caption of the Complaint. Plaintiff alleges that Defendant Exotica Fresheners Corporation is an "AKA" of D & J Distributing Manufacturing. (*See, e.g.*, ECF No. 1 ¶¶ 9, 14). The copies of the "AROMA BLAST" and LOVE ICE" trademark applications that Plaintiff attaches to the Complaint identify "Exotica Fresheners" as a "DBA" of "D & J Distributing & Manufacturing." (Exs. 4, 8, ECF No. 1 at 33, 55). Plaintiff fails to allege facts that support an inference that Defendant Exotica Fresheners Corporation is a legal entity subject to suit. The Court concludes that Plaintiff fails to allege facts sufficient to state any claim against Defendant Exotica Fresheners Corporation.

### b. D & J Distributing Manufacturing

Rule 10 of the Federal Rules of Civil Procedure requires that the caption of a Complaint "name all the parties." Fed. R. Civ. P. 10(a). However, "the question of whether a defendant is properly in a case is not resolved merely by reading the caption of a complaint." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (citation omitted). "[T]he determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption." *Hoffman v. Halden*, 268 F.2d 280, 304 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory . . . ." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

In this case, Plaintiffs names three Defendants in the caption of the Complaint: Oussama Elassir d/b/a D & J Distributing Manufacturing; Adnan Elassir; and Exotica

7

20-cv-197-WQH-AGS

1  Fresheners Corporation. In the "Parties" section of the Complaint, Plaintiff identifies only
2  one "Defendant:" "D & J Distributing Manufacturing (AKA Exotica Fresheners) . . . ."
3  (ECF No. 1 ¶ 9). Plaintiff alleges that D & J Distributing Manufacturing "is a multi-national
4  corporation . . . ." (*Id.*). Plaintiff alleges that D & J Distributing Manufacturing applied for
5  trademarks for "AROMA BLAST" and "LOVE ICE." The copies of the "AROMA
6  BLAST" and LOVE ICE" trademark applications that Plaintiff attaches to the Complaint
7  state that the "owner of the mark[s]" is "D & J Distributing & Manufacturing DBA Exotica
8  Fresheners." (Exs. 4, 8, ECF No. 1 at 33, 55). Plaintiff alternates between making
9  allegations against "Defendants," "Defendant," and D & J Distributing Manufacturing.
10 (*Compare* ECF No. 1 ¶ 4 ("Defendant has begun to [ ] produce air fresheners whose mark
11 bears a strong resemblance to Plaintiff Nasser's."), *with* ECF No. 1 ¶ 27 ("Defendant D &
12 J Distributing Manufacturing (AKA Exotica Fresheners) marks, AROMA BLAST and
13 LOVE ICE, directly infringes on Plaintiff Nasser's A BLAST OF FRESHNESS, AMOR
14 LOVE AMOUR, marks respectively."), *and* ECF No. 1 ¶ 35 ("Defendants' use of
15 confusingly similar iterations of Plaintiff Nasser's marks . . . is likely to cause confusion,
16 deception and mistake by creating the false and misleading impression that Defendants'
17 goods are manufactured or distributed by Plaintiff Nasser . . . ."). The Court concludes that
18 "one cannot determine from the complaint who is being sued, for what relief, and on what
19 theory . . . ." *McHenry*, 84 F.3d at 1178; *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th
20 Cir. 1992) (affirming dismissal of action based on failure to comply with court order that
21 complaint be amended to name all defendants in caption as required by Rule 10(a)).

22      Defendants' Motion to Dismiss the Complaint is granted. Plaintiff's Complaint is
23 dismissed without prejudice.

24 **IV.   CONCLUSION**

25      IT IS HEREBY ORDERED that Defendants' Motion to Dismiss the Complaint
26 (ECF No. 10) is granted. Plaintiff's Complaint is dismissed without prejudice. Any motion
27 for leave to amend shall be filed within thirty (30) days from the date of this Order and
28 comply with all Federal and Local Rules. Any proposed amended complaint shall "name

all parties" in the caption in accordance with Rule 10 of the Federal Rules of Civil Procedure.

Dated: July 30, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court